**XIAO MIN CHEN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 08–4865.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 4, 2010.

Opinion filed: Feb. 2, 2010.

Xiao M. Chen, Woodside, NY, pro se.

Thomas W. Hussey, Esq., John J.W. Inkeles, Esq., Justin R. Markel, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, Michael B. Mukasey, Esq., De-

---

bevoise & Plimpton, New York, NY, for Respondent.

Before: SLOVITER, CHAGARES and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner Xiao Min Chen, a citizen of China, entered the United States without inspection in 2006. He was placed in removal proceedings in 2007, during which he conceded removability and sought asylum, withholding of removal, and relief under the Convention Against Torture. The IJ denied relief and the BIA dismissed his appeal. Chen then filed a petition for review.

## I.

In support of his application for relief, Chen testified that he and his mother began practicing Falun Gong in 2006 at the urging of his maternal uncle. They believed Falun Gong would help Chen's mother, who suffered poor health following a forced sterilization procedure. Chen, his mother, and his uncle joined an underground Falun Gong group, led by Master Lin. Chen testified that they practiced in secret at Master Lin's home; he did not allege that they practiced Falun Gong anyplace else.

Chen testified that he derived many benefits from practicing Falun Gong and wanted to help spread knowledge of the practice. Chen, who was the sole owner of an electronics store, testified that he agreed to illegally keep 3000 Falun Gong instructional videos in his store until fellow practitioners could distribute them. He alleged that in August 2006, while he was visiting a friend, police raided the store, confiscated the illegal videos, and sealed off the store. Chen's maternal uncle witnessed the raid and called Chen on his mobile phone to alert him. Chen contacted his mother, who told him to go into hiding.

Chen testified that his father, who was minding the store while Chen was away, was arrested during the raid and interrogated for several hours. Chen testified that when the police realized that he, not his father, was the sole owner of the store, they released the father and began looking for Chen. Police allegedly searched both of the family's homes and questioned his mother. However, they found no evidence related to Falun Gong, and did not discover that his mother or uncle practiced Falun Gong. Chen testified that since the incident, his mother and uncle still practice Falun Gong and have not been discovered by police.

Chen testified that he went into hiding and ultimately fled to the United States, where he continues to practice Falun Gong. He also testified that following the closure of his store, he instructed his mother to sell his remaining inventory, which she did, after which new people occupied the store and turned it into a fruit stand. However, Chen presented no documentation that the store was ever closed or that the inventory was sold. Nor did he produce any evidence that his store changed hands, although he testified that he could ask his parents to send pictures of the store. Moreover, although Chen submitted letters from his parents and maternal uncle in support of his application, they contained no information about the closing of his store, liquidation of the inventory, or conversion of the store.

The IJ denied relief, finding Chen to be incredible. The IJ also noted that Chen failed to present any corroborative evidence that his store was shut down and converted into another establishment. The BIA dismissed Chen's appeal, uphold-

ing the IJ's adverse credibility determination and corroboration analysis and reasoning that, even if Chen were credible, he still failed to demonstrate past persecution or a well-founded fear of future persecution.

## II.

We have jurisdiction over Chen's petition for review under 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than that of the IJ. *See Li v. Att'y Gen.*, 400 F.3d 157, 162 (3d Cir.2005). However, we also look to the decision of the IJ to the extent that the BIA defers to or adopts the IJ's reasoning. *See Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir.2006). We review agency factual determinations for substantial evidence, and will uphold such determinations "unless the evidence not only supports a contrary conclusion, but compels it." *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir.2005) (internal citations omitted). Because Chen is proceeding *pro se,* we construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Because we agree with the BIA that Chen unreasonably failed to corroborate his claim that Chinese officials raided and shut down his store, forcing the sale of his inventory, we need not address the Board's other bases for denying relief. To qualify for asylum, an applicant must demonstrate that he has suffered past persecution or holds a well-founded fear of future persecution based on a protected ground. *See* 8 U.S.C. § 1101(a)(42)(A); *Leia v. Ashcroft*, 393 F.3d 427, 432–33 (3d Cir. 2005). "Moreover, an applicant for asylum must provide reliable evidence to corroborate testimony when it is reasonable to expect corroborating evidence and there is no satisfactory explanation for its absence." *Sandie v. Att'y Gen.*, 562 F.3d

246, 252 (3d Cir.2009) (citing *Toure v. Att'y Gen.*, 443 F.3d 310, 323 (3d Cir.2006)). A failure to corroborate may be relied on to deny relief when "(1) the IJ identifies facts for which it is reasonable to expect the applicant to produce corroboration, (2) the applicant fails to corroborate, and (3) the applicant fails to adequately explain that failure." *Chukwu v. Att'y Gen.*, 484 F.3d 185, 191–92 (3d Cir.2007) (citing *Abdulai v. Ashcroft*, 239 F.3d 542, 554 (3d Cir.2001)).

Here, the IJ noted that Chen presented no evidence to show that his store was closed, that the inventory had to be sold, or that his shop was turned into a grocery. Chen explained that receipts were not given for the items his parents sold and that there was no documentation that the police seized his store. Nevertheless, we agree that Chen could have obtained *some* corroborative evidence to present at the removal hearing. Indeed, he testified that he could have his parents send pictures of the converted store. In addition, the IJ noted that Chen's supporting letters from his parents and uncle did not mention anything about having to close his store and sell the merchandise. We agree with the Agency that Chen's explanation—that his parents did not discuss the store because they probably deemed it unimportant— was inadequate to overcome the need for corroboration.

Because Chen failed to provide adequate corroboration, we agree that he failed to demonstrate his eligibility for asylum. Specifically, Chen did not establish past persecution because he failed to provide sufficient corroborative evidence that Chinese officials raided his store and shut down his business because he stored Falun Gong videos. In light of his failure to present such evidence, we agree, too, that Chen did not demonstrate a well-founded fear that the Chinese government will take action against him for his alleged partic-

ipation in the distribution of Falun Gong videos.

Because Chen's failure to corroborate rendered him ineligible for asylum, we also agree that he was unable to meet the higher standards applicable to applications for withholding of removal and CAT protection. *See Sioe Tjen Wong v. Att'y Gen.*, 539 F.3d 225, 236 (3d Cir.2008) (withholding of removal); *Kamara v. Att'y Gen.*, 420 F.3d 202, 212–13 (3d Cir.2005) (CAT relief).

Accordingly, we will deny the petition for review. Chen's motion to waive oral argument is denied as moot.